C. S. FERRY & SON, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 23211, 36759. Promulgated February 20, 1930.

*Philip Nichols, Esq.*, for the petitioner.

*G. S. Herr, Esq., Ralph S. Scott, Esq.*, and *Edwin M. Niess, Esq.*, for the respondent.

1264

OPINION.

PHILLIPS: The issue in this proceeding arises out of the action of the Commissioner in refusing to allow as a deduction certain payments made to the officers of the petitioner, who also owned 95 per cent of its capital stock, as salaries. Sections 234 (a) of the Revenue Acts of 1921 and 1924 permit the deduction from gross income of ordinary and necessary expenses of transacting business, including " a reasonable allowance for salaries or other compensation for personal services actually rendered."

The contracts made between the petitioner and its officers provided for the payment of stipulated weekly salaries and, if the earnings exceeded a certain amount, for the payment of all of such excess earnings to these officers in equal shares. The Commissioner allowed the deduction of the fixed weekly salaries but refused to allow any part of the excess earnings as salaries.

It may be pointed out that there is no reason why a corporation should not compensate its officers or employees upon the basis of a share in the profits earned, and when the effect of such an arrangement is to provide reasonable compensation for services rendered, such compensation is deductible in computing net income. But when such officers or employees are stockholders in control of the corporation and the payments are substantially in accord with stockholdings, the question naturally arises whether such arrangement is one for the payment of compensation or the distribution of profits. This is particularly so where, as here, all profits in excess of a stipulated amount are to be paid to such officers and stockholders. Such a situation presents strong evidence of an intent to distribute profits as salaries and, where the Commissioner has determined that the amounts paid thereunder are not reasonable, must be overcome by a sufficient showing that the salaries are reasonable in amount and in fact represent compensation for personal services rendered. See *Woodcliff Silk Mills*, 1 B. T. A. 715; *New York Theater Program Corporation*, 4 B. T. A. 431; *Twin City Tile & Marble Co.*, 6 B. T. A. 1238; affd., 32 Fed. (2d) 229; *General Water Heater Co.*, 14 B. T. A. 4; *Botany Worsted Mills* v. *United States*, 278 U. S. 282.

The evidence submitted by the petitioner fails to establish that the amounts claimed as deductions constitute reasonable compensa-

tion for services rendered. But when we consider the extent of the operations of the petitioner, the long experience of these officers and the uniform success with which they have conducted the affairs of the petitioner, we are convinced that the amount allowed by the Commissioner is inadequate. In determining what amount is reasonable we must also consider that part of such compensation was contingent. Upon the record made in this proceeding we are of the opinion that $24,000 should be allowed as a deduction in each of the years involved for the services rendered by these two officers.

*Decision will be entered under Rule 50.*